## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

### CASE NO. 17-cv-00387-GKF-mjx

(1)  CASSON RAY SMITH, an individual, and
(2)  SARAH MARIE SMITH,an individual, on behalf
of themselves and all others similarly situated,

        Plaintiffs,

v.                                                      **CLASS ACTION**

(1)  QUALITY RECOVERY SERVICES, INC.,
a Georgia corporation,

        Defendant.

_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiffs, Casson Ray Smith, an individual, and Sarah Marie Smith, an individual, on behalf of themslves and all others similarly situated, sue Defendant, Quality Recovery Servies, Inc., a Georgia corporation, and allege:

### I.    PRELIMINARY STATEMENT

1.    This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2.    The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

### III.    ALLEGATIONS AS TO PARTIES

3.    Plaintiffs, Sarah Marie Smith and Casson Smith (collectively "the Smiths"), are

*sui juris* and residents of Canadian County, Oklahoma.

4.     At all times material hereto, Defendant, Quality Recovery Services, Inc. ("Quality Recovery" or "Debt Collector"), was a Georgia corporation, doing business in Canadian County, Oklahoma.

5.     Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Oklahoma.

## IV.    FACTUAL ALLEGATIONS

6.     Sometime prior to the filing of the instant action, the Smiths entered into a lease agreement ("Lease Agreement") with Warwick Apartments in Oklahoma City, Oklahoma ("Former Landlord").

7.     Sometime prior to the filing of the instant action, the Former Landlord retained Quality Recovery for the purpose of collecting monies purportedly owed by the Smiths under the Lease Agreement.

8.     The Smiths dispute owing any further monies to their Former Landlord.

9.     In furtherance of its collection activities, Qaulity Recovery sent or caused to be sent to the Smiths correspondence known more commonly in the collection industry as a dunning letter," for the purpose of collecting monies purported owed under the Lease Agreement ("Initial Collection Communication").

10.     A true and correct copy of the Initial Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

## V.    DEFENDANT'S PRACTICES

11.    It is or was the policy and practice of the Debt Collector to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

## VI.    CLASS ACTION ALLEGATIONS

12.    This action is brought on behalf of a class consisting of (i) all natural persons (ii) to whom letters in the same or substantially similar form as Exhibit "A" were sent (iii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendant, was incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action.

13.    Plaintiffs allege on information and belief based on the Defendant's use of letters in the form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters in the form of Exhibit "A," Plaintiffs estimate that the class includes hundreds or thousands of class members.

14.    There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A." The principal legal issues are whether Defendant's letters in the form of Exhibit "A" violate the FDCPA by failing to properly inform the consumer with respect to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least

sophisticated consumer in violation of 15 U.S.C. §1692g.

15.    The Smiths'claims are typical of those of the class members. All are based on the same facts and legal theories.

16.    The Smiths will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

17.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1)    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

19.    The Smiths request certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.   ALLEGATIONS OF LAW

### A.   General

20.    At all times material hereto, the Smiths were "consumer(s)" as said term is defined under 15 U.S.C. §1692a(3).

21. At all times material hereto, Warwick Apartments was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

22. At all times material hereto, the Lease Agreement was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

23. At all times material hereto, Quality Recovery was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

**B.  Failure to Comply With Validation Disclosure Requirements of FDCPA**

24. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1)    The amount of the debt;

(2)    The name of the creditor to whom the debt is owed;

(3)    A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)    A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)    A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25.     Through the Initial Collection Communication, Quality Recovery failed to inform Plaintiffs and other persons similarly situated that the right to obtain debt validation under 15 U.S.C. §1692g(4) and the name and address of the original creditor, if different from the current creditor, under 15 U.S.C. §1692g(5), required the consumer to make a request "in writing."

26.     It is the position of the Smiths that the decision not to comply with the validation requirements of the FDCPA on the part of Quality Recovery was purposeful. To be sure, responding to a consumer's request for validation can be time-consuming for a debt collector. By "tweaking" the language of its collection letter, Quality Recovery could reasonably reduce the amount of time its employees needed to spend in order to respond to a consumer's request for validation.

27.     In an organization such as Quality Recovery – which essentially mass-produces collection letters in machine-like manner – a validation request is the proverbial "wrench in the machine" as Quality Recovery could not continue to collect until validation was provided by Quality Recovery. *See,* 15 U.S.C. §1692g(b).

28.     By not disclosing the validation request must be in writing, Quality Recovery could feign that it did not have to provide disclosures to consumers unless the request had been made in writing. Thus, the cost, expense and delay of complying with a request for verification is eliminated.

29.     As more particularly described above, the Debt Collector has violated the requirements of 15 U.S.C. §1692g by failing to provide a disclosure of the rights of the consumer under 15 U.S.C. §1692g(a) which was not reasonably calculated to confuse or frustrate the least sophisticated consumer as to such rights.

\* \* \*

30.     As a result of the conduct of the Debt Collector, Plaintiffs and the class have suffered a concrete and legally cognizable injury by not receiving the disclosures mandated by Cogress under the FDCPA. Accordingly, Plaintiffs and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

31.     Plaintiffs and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs, Casson Ray Smith, an individual, and Sarah Marie Smith, an individual, on behalf of themselves and all others similarly situated, request judgment be entered in their favor and in favor of the class against Defendant, for:

A.     Declaratory judgment that Defendant's Exhibit "A" violates the Fair Debt Collection Practices Act;

B.     Statutory damages pursuant to 15 U.S.C. §1692k;

C.     An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D.     Such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, Casson Ray Smith and Sarah Marie Smith, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of July, 2017

*/s/ Robert W. Murphy*
ROBERT W. MURPHY, ESQUIRE
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Fax: (954) 763-8607
rwmurphy@lawfirmmurphy.com

VICTOR R. WANDRES, ESQUIRE
Oklahoma Bar No. 19591
Paramount Law
4835 South Peoria Avenue, Suite 1
Tulsa, Oklahoma 74105
Telephone: (918) 200-9272
Fax: (918) 895-9774
victor@paramount-law.com

COUNSEL FOR PLAINTIFFS